**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Elizabeth VanLishout, individually and as the Guardian of her son, Andrew Erickson-Gonczol, an incapacitated person, | Case No. 1:23-cv-072 |
| Plaintiffs, | **ARROWHEAD ENGINEERED PRODUCTS, INC.'S ANSWER TO AMENDED COMPLAINT** |
| v. | |
| Western Power Sports, Inc., Fly Racing Co., and Arrowhead Engineered Products, Inc., | |
| Defendants. | **JURY TRIAL DEMANDED** |

COMES NOW Defendant Arrowhead Engineered Products, Inc. (hereinafter "Arrowhead") and for its Answer to Plaintiffs' Amended Complaint, states and alleges as follows:

1.    Denies each and every allegation, statement and thing in Plaintiff's Amended Complaint except as hereinafter admitted or alleged.

2.    Paragraph 1 of the Amended Complaint are factual statements to which no response is required. If a response is required, then the factual statements are denied as alleged against Arrowhead.

3.    Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint.

4.    Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint at the time of the incident described in this Amended Complaint.

5.    Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint.

6.    Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint at the time of the incident described in this Amended Complaint.

7.    Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint.

8.    Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint.

9.    Arrowhead admits the allegations in Paragraph 8 of the Amended Complaint.

10.    Arrowhead denies the allegations in Paragraph 9 of the Amended Complaint.

11.    Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint.

12.    Paragraph 11 of the Amended Complaint is a legal statement to which no response is required. If a response is required, then the legal statement is denied as alleged against Arrowhead.

13.     Arrowhead denies the allegation in Paragraph 12 of the Amended Complaint as alleged against it.

14.     As to the allegations in Paragraph 13 of the Amended Complaint, Arrowhead denies that Plaintiff was wearing and using a helmet marketed, supplied and sold in the State of North Dakota by Arrowhead; Arrowhead lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Amended Complaint.

15.     Paragraph 14 of the Amended Complaint is a legal statement to which no response is required. If a response is required, then the legal statement is denied as alleged against Arrowhead.

16.     Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint.

17.     Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint.

18.     Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint.

19.     Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint.

20.     Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint.

21.     Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint.

22.     Arrowhead lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint.

23.     As to the allegations in Paragraph 22 of the Amended Complaint, Arrowhead denies the allegations of negligence; Arrowhead lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Amended Complaint.

24.     As to Paragraph 23 of the Amended Complaint, Arrowhead realleges the preceding paragraphs of this Answer as though set forth hereinafter.

25.     Arrowhead denies the allegations in Paragraph 24 a-f of the Amended Complaint.

26.     Arrowhead denies the allegations in Paragraph 25 of the Amended Complaint.

27.     Arrowhead denies the allegations in Paragraph 26 of the Amended Complaint.

28.     Paragraph 27 of the Amended Complaint is a factual and/or expert statement to which no response is required. If a response is required, then the fact and/or expert statement is denied as alleged against Arrowhead.

29.     Arrowhead denies the allegations in Paragraph 28 of the Amended Complaint.

30.     As to the allegations in Paragraph 29 of the Amended Complaint, Arrowhead denies any liability for allegations of design defects; Arrowhead lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of damages.

31.     As to the allegations in Paragraph 30 of the Amended Complaint, Arrowhead denies any liability for allegations of design defects; Arrowhead lacks knowledge or information sufficient to form a belief as to the truth of the allegations of damages.

32.     Arrowhead denies the allegations in Paragraph 31 of the Amended Complaint.

33.     Arrowhead denies the allegations in Paragraph 32 of the Amended Complaint.

34.     Arrowhead denies the allegations in Paragraph 33 of the Amended Complaint.

35.     Arrowhead denies the allegations in Paragraph 34 of the Amended Complaint.

36.     Arrowhead denies the allegations in Paragraph 35 of the Amended Complaint.

37.     Arrowhead denies the allegations in Paragraph 36 of the Amended Complaint.

38.     Arrowhead denies the allegations in Paragraph 37 of the Amended Complaint.

39.    As to Paragraph 38 of the Amended Complaint, Arrowhead realleges the preceding paragraphs of this Answer as though set forth hereinafter.

40.    Arrowhead denies the allegations in Paragraph 39 a-d of the Amended Complaint.

41.    Arrowhead denies the allegations in Paragraph 40 of the Amended Complaint.

42.    Arrowhead denies the allegations in Paragraph 41 of the Amended Complaint.

43.    Arrowhead lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint.

44.    Arrowhead denies Plaintiffs are entitled to the relief requested in the WHEREFORE clause of the Amended Complaint.

45.    As to Paragraph 43 of the Amended Complaint, Arrowhead joins Plaintiffs' demand for a jury trial.

## AFFIRMATIVE DEFENSES

46.    The claims in Plaintiffs' Amended Complaint fail to state a claim upon which relief may be granted against Arrowhead.

47.    This Court lacks personal jurisdiction over Arrowhead.

48.    Plaintiffs' claims are barred by the contributory negligence of Andrew Erickson-Gonczol.

6

49.     Plaintiff Andrew Erickson-Gonczol's fault as defined by N.D.C.C. § 32.03.2-04 is equal to or greater than the fault of the Defendants and, therefore, Plaintiffs' claims are barred as a matter of law.

50.     Plaintiff's Andrew Erickson-Gonczol's fault as defined by N.D.C.C. § 32.03.2-04 operates to reduce any recovery by the percentage of Plaintiff Andrew Erickson-Gonczol's fault.

51.     Arrowhead was not associated with nor had any ownership interest WPS at the time of the injury and has no liability for any claims against WPS prior to December 20, 2021.

52.     Arrowhead did not owe a duty to Plaintiffs.

53.     Plaintiff Andrew Erickson-Gonczol assumed the risks of using the helmet.

54.     Arrowhead is entitled to all protections afforded a seller of a product under N.D.C.C. §28 – 01.3 et. seq.

55.     The helmet alleged to be defective is presumed to be free from any defect or defective condition if the plans, designs, warnings, or instructions for the helmet or the methods and techniques of manufacturing, inspecting, and testing the product were in conformity with government standards established for that industry or if no government standards exist then with applicable industry standards, which were in existence at the time the plans, designs, warnings, or instructions for the product or the methods and techniques of manufacturing,

inspecting, and testing the product were adopted in accordance with NDCC §28-01.3-09.

56.     Plaintiff's injuries and damages were caused by third persons that Arrowhead did not direct or control and for which Arrowhead has no legal responsibility

57.     Defendants are entitled to a setoff for all collateral source benefits paid and payable as defined by N.D.C.C. § 32.03.2-06.

WHEREFORE, Arrowhead prays that Plaintiffs take nothing by their pretended causes of action and that Arrowhead have judgment of dismissal with prejudice and on the merits together with such other and further relief that the Court deems just and equitable.

Dated: August 14, 2023                     **MEAGHER & GEER, P.L.L.P.**

                                 By:  *s/ John C. Hughes*
                                      John C. Hughes (#6001)
                                      1900 Burnt Boat Drive, Suite 101
                                      Bismarck, ND 58503
                                      Telephone:  701-222-1315
                                      Direct:  612-347-9110
                                      jhughes@meagher.com

                                      ***Attorneys for Defendant Arrowhead
                                      Engineered Products, Inc.***

16255156.1