UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ELIZABETH VANLISHOUT, individually and as the Guardian of her son, ANDREW ERICKSON-GONCZOL, an incapacitated person,<br><br>                 Plaintiffs,<br>vs.<br><br>WESTERN POWER SPORTS, LLC, AN YNG ENTERPRISE CO., LTD., FLY RACING CO., and ARROWHEAD ENGINEERED PRODUCTS, INC.,<br><br>                 Defendants. | Case No. 1-23-cv-00072-DLH-CRH<br><br>**DEFENDANT AN YNG ENTERPRISE CO., LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P 12(b)(2)** |

## **INTRODUCTION**

This product liability case arises out of a motorcycle accident in Bismarck, North Dakota. According to Plaintiffs' Amended Complaint, Andrew Erickson-Gonczol (hereinafter "Gonczol") was riding on a dirt track on August 7, 2021 wearing a Fly Racing Kinetic K 120 helmet (hereinafter referred to as the "Fly 245" helmet, which is how plaintiff refers to it in the Amended Complaint), and was "caused to fall." *See* ECF No. 43, Am. Complaint ("operative complaint"), ¶ 17. Upon impact, Plaintiffs allege that Gonczol sustained catastrophic brain injuries. *Id.* ¶ 18. Plaintiffs are Elizabeth Vanlishout, individually, and as the Guardian of her son, Gonczol, an incapacitated person.

Plaintiffs have sued Defendants Fly Racing Co., the company that allegedly sold the helmet to Gonczol, and the alleged parent companies, Western Power Sports, LLC and Arrowhead Engineered Products, Inc. *See id.* ¶¶ 4-7. Relevant to this motion, Plaintiffs have also sued Defendant AnYng Enterprise Co., Ltd. (hereinafter "AnYng"), a Taiwanese company with its

1

principal place of business in Tainan City, Taiwan, which is the manufacturer of the Fly 245 helmet. All Defendants are jointly sued under North Dakota state law for claims of strict liability design defect, failure to warn/instruct, and negligence, respectively. *See generally* ECF No. 43, Am. Complaint, at p. 5 (Claim 1), p. 6 (Claim 2), p. 7 (Claim 3). Defendant AnYng now moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) to dismiss because the Court lacks personal jurisdiction because AnYng does not have "sufficient minimum contacts" with the state of North Dakota such that it can be haled into a North Dakota federal (or state) court without offending "traditional notions of fair play and substantial justice" in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

Accordingly, this Court should enter an Order dismissing AnYng from this case with prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## **LEGAL STANDARD**

"A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir.1994). If, as here, a defendant challenges the court's personal jurisdiction over it, plaintiff must make a *prima facie* showing of jurisdiction. *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). The plaintiff's *prima facie* showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). The party seeking to establish the court's *in personam* jurisdiction – here, Plaintiffs – "carry the burden of proof, and the burden does not shift to [AnYng]. *Id.*; *Epps*, 327 F.3d at 647 (cleaned up).

## **STATEMENT OF FACTS RELATED TO PERSONAL JURISDICTION**

AnYng is engaged in the manufacturing of motorcycle helmets in Taiwan, and maintains its principal place of business at No. 137 Zhengbei 3rd Road, Yongkang District, Tainan City 710002, Taiwan. *See* Declaration of Jack E. Zuger, Ex. A, Affidavit of Darren Chung Chi Yang, ¶ 5, ¶ 7.[1] AnYng is a Taiwanese corporation formed under the laws of Taiwan. *Id.* ¶ 4. Mr. Yang has reviewed the pictures that plaintiff's counsel produced of the helmet at issue in this case (referred to as the Fly 245 helmet). *Id.* ¶ 21. The Fly 245 helmet was manufactured by AnYng in Taiwan. *Id.* AnYng did not sell, ship, or distribute the Fly 245 helmet to or within the state of North Dakota, *see id.*, and AnYng is not authorized to transact business in the state of North Dakota. *Id.* ¶ 6. Indeed, AnYng has never transacted business, paid taxes, or maintained an office, address, telephone number, or bank account in North Dakota. ¶ 9. It does not own, use, lease, or possess property in North Dakota. *Id.* ¶ 8. AnYng has no employees in North Dakota. *Id.* ¶ 10. It also has no agency relationship with any distributor or retailer located in North Dakota, *see id.* ¶ 12, and it has never made any direct sales of its products to consumers in North Dakota. *Id.* ¶ 13.

Further, AnYng has never directly marketed any products in North Dakota, *see id.* ¶ 19, nor has it solicited business from North Dakota residents, directly or through any form of advertising expressly targeted toward the residents of North Dakota. *Id.* ¶ 18. AnYng has never maintained a website that is utilized to solicit or obtain sales directly from North Dakota residents. *Id.* ¶ 20. It does not exercise any control over the distributors' relationships with local retailers in the state of North Dakota—or any other state—nor does it exercise any control, or provide any input, regarding where helmets are sold in the United States. *Id.* ¶ 17. AnYng is not a party to any agreement with a local retailer in North Dakota or any other retailer in the United States. *Id.* ¶ 16. Independent third-party

---

[1] Mr. Yang has personal knowledge because he is the Operations Manager for AnYng. *Id.* ¶ 3.

entities have exclusively distributed the helmets in the United States. *Id.* ¶ 14. None of these distributors are located in the state of North Dakota, and AnYng is not involved in the decision-making process as to where the distributors will sell the helmets or specifically the Fly Racing helmets. *Id.* ¶ 15.

## ARGUMENT

This Court lacks personal jurisdiction over AnYng. North Dakota's long-arm statute permits a court to exercise personal jurisdiction over a corporation so long as doing so would comport with the Due Process Clause of the United States Constitution. As shown below, however, under well-established Eighth Circuit and Supreme Court precedent, exercising personal jurisdiction over AnYng in this case would violate its Due Process rights and offend traditional notions of fair play and substantial justice.

**I.     Exercising Personal Jurisdiction Over AnYng Would Violate The Fourteenth Amendment's Due Process Clause.**

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). North Dakota's long-arm statute "permits personal jurisdiction to the maximum extent provided by the Due Process Clause of the Fourteenth Amendment." *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 758 (2022) (citing *Hansen v. Scott*, 645 N.W.2d 223, 232 (N.D. 2002)). Therefore, "the traditional due process analysis is dispositive." *Id.* "[C]ritical to due process analysis . . . is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* (cleaned up).

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Id.* "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded

4

as at home." *Daimler*, 134 S. Ct. at 760. However, "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that state such that it can be "fairly considered at home." *Id.* at 760. A state has "specific jurisdiction" over a defendant when the suit arises out of, or is related to, the defendant's contacts with the forum state. *See, e.g.*, *Atkinson v. McLaughlin*, 343 F. Supp. 2d 868, 871 (D.N.D. 2004).

### A. The Court Lacks Specific Jurisdiction over AnYng.

For the reasons that follow, this Court does not have specific jurisdiction over AnYng. The inquiry of whether a forum State may assert specific jurisdiction over a foreign corporation defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121–22 (2014) (cleaned up). In the Eighth Circuit, courts consider "the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there." *Kaliannan v. Liang*, 2 F.4th at 733 (citing *Walden*, 571 U.S. at 285). To assess minimum contacts, courts use a five-factor test, with the first three factors being of "primary importance":

> (1) the nature and quality of [defendant's] contacts with the forum state;
>
> (2) the quantity of such contacts;
>
> (3) the relation of the cause of action to the contacts;
>
> (4) the interest of the forum state in providing a forum for its residents; and
>
> (5) convenience of the parties.

*Kaliannan*, 2 F.4th at 733 (cleaned up). "The fourth and fifth factors carry less weight and are not dispositive." *Id.* Although the first three factors are "primary," courts look to the "totality of circumstances" to determine whether personal jurisdiction exists. *Id.*

Here, the first three factors weigh heavily in AnYng's favor. As Mr. Yang attests to in his affidavit:

- AnYng is a Taiwanese corporation formed under the laws of Taiwan. Zuger Decl., Ex. A, at ¶ 4.

- AnYng did not sell, ship, or distribute the Fly 245 helmet to or within the state of North Dakota (*id.* ¶ 21).

- AnYng has never transacted business, paid taxes, or maintained an office, address, telephone number, or bank account in North Dakota (*id.*¶ 9).

- AnYng does not own, use, lease, or possess property in North Dakota (*id.* ¶ 8).

- AnYng has no employees in North Dakota (*id.* ¶ 10).

- AnYng has no agency relationship with any distributor or retailer located in North Dakota (*id.* ¶ 12).

- AnYng has never made any direct sales of its products to consumers in North Dakota (*id.* ¶ 13).

Further, it is undisputed that AnYng has never directly marketed any products in North Dakota, *see id.* ¶ 19, nor has it solicited business from North Dakota residents, directly or through any form of advertising expressly targeted toward the residents of North Dakota. *Id.* ¶ 18. AnYng has never maintained a website that is utilized to solicit or obtain sales directly from North Dakota residents. *Id.* ¶ 20. It does not exercise any control over the distributors' relationships with local retailers in the state of North Dakota—or any other state—nor does it exercise any control, or provide any input, regarding where helmets are sold in the United States. *Id.* ¶ 17. AnYng is not a party to any agreement with a local retailer in North Dakota or any other retailer in the United States. *Id.* ¶ 16. Independent third-party entities have exclusively distributed the helmets in the United States. *Id.* ¶ 14. None of these distributors are located in the state of North Dakota, and AnYng is not involved

in the decision-making process as to where the distributors will sell the helmets. *Id.* ¶ 15. As can be seen from above, the undisputed record weighs heavily in favor of AnYng for the first three factors, which are the "primary" factors for the Court's analysis. *Kaliannan*, 2 F.4th at 733; *see also Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011) ("[T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011))).

In response to the above, at best, Plaintiffs have alleged in a pure conclusory fashion in one paragraph of their operative complaint that all defendants – without distinguishing between the four defendants – that each have "purposefully availed themselves of the privileges and benefits of conducting business in the State of North Dakota Defendants marketed their products in the State of North Dakota." *See* ECF No. 43, Am. Complaint, at ¶ 12. However, an allegation in a complaint is not evidence and plaintiffs, at all times, "carry the burden of proof" to make out a *prima facie* showing when personal jurisdiction is challenged. *Dever*, 380 F.3d at 1072; *Epps*, 327 F. 3d at 647.[2] They have failed to do so even on the face of their own amended complaint with allegations.[3]

Regarding factor four, Defendant does not deny that North Dakota would have an "interest in adjudicating these claims and providing a forum for its residents," however, it is well established that the Eight Circuit provides little weight to this factor. *See, e.g.*, *Atkinson v.*

---

[2] Even if an allegation could be considered evidence, the Supreme Court has made clear that conclusory allegations are not well-pleaded allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

[3] In fact, plaintiffs have had plenty of time to investigate given that they filed their original complaint on April 6, 2023 (almost two years after the alleged injuries) and then amended their operative complaint over three months later on July 31, 2023.

*McLaughlin*, 343 F. Supp. 2d 868, 878 (D.N.D. 2004) (characterizing holding of *Alyward v. Fleet Bank*, 122 F.3d 616, 618 (8th Cir. 1997)). The fifth factor, convenience of the parties, should be a wash, if not in favor of AnYng. While Defendant recognizes that it would be convenient for Plaintiffs to have the trial in Bismarck, the opposite is true for all of AnYng's defense witnesses involved in the manufacturing and design of the subject helmet in Taiwan, a foreign country almost 7,000 miles away.[4] In sum, the five-factor test, with the primary first three factors weighing strongly in Defendant's favor, compel the conclusion that AnYng cannot be haled into North Dakota federal court consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Indeed, this conclusion is supported not only by Eighth Circuit precedent, but by Supreme Court precedent. In *Walden*, 134 U.S. at 1125, the Court held that the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way. *Id.* The well recognized rationale is "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant— not the convenience of plaintiffs or third parties." *Id.* at 1122. The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* (citing *Helicopteros*, 466 U.S. at 417) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"). "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated." *Walden*, 134 S. Ct. at 1122. Here, the

---

[4] The distance from Bismark to Taiwan's airport is over 7,000 miles, a 13 hour time difference, and 14 hour flight. *See* https://www.airmilescalculator.com/distance/bis-to-khh/.

fact that Plaintiff is a resident of the state of North Dakota "cannot be decisive in determining whether the defendant's due process rights are violated." *Id.*; *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980).

### B. The Court Does Not Have General Jurisdiction Over AnYng.

While it does not appear that Plaintiffs are invoking the doctrine of "general jurisdiction" in pursuit of their claims against AnYng (there is no mention of it in the operative complaint, see ECF No. 43 at p. 3, ¶¶ 11-12), Defendant addresses the doctrine for the sake of completeness. For a corporate defendant, general jurisdiction exists where the corporation is at home—usually where it is incorporated and where it has its principal place of business. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Indeed, a corporation's "continuous activity of some sorts within a state," is not enough to support the "demand that the corporation be amenable to suits unrelated to that activity." *See id.* at 927.

In this case, Plaintiffs do not allege that AnYng is "at home" in North Dakota because their own operative complaint alleges that AnYng "is a Taiwanese company with a principal place of business in Tainan City, Taiwan" (*see* ECF No. 43 at p. 2, ¶ 10; *see also* Zuger Decl., Ex. A, Aff. at ¶¶ 1–3). Further, Mr. Yang's affidavit establishes these facts and further lays out, as set out above, the lack of any connection to the state of North Dakota and that all of its professional activity takes place in Taiwan, and is organized under Taiwan law. *See generally* Zuger Decl., Ex. A. Under well-established Supreme Court precedent, "affiliations with the State" must be so "continuous and systematic as to render [it] essentially at home in the forum State." *See Daimler*, 134 S. Ct. at 760. There is no basis in the operative complaint or record to make such a conclusion. Accordingly, this Court cannot find that it may exercise general jurisdiction over AnYng.

## CONCLUSION

For the reasons set forth above, AnYng Enterprise Co., Ltd. requests that Court grant its motion to dismiss and enter an order dismissing AnYng from this matter for lack of personal jurisdiction.

Dated: September 20, 2023

**LARSON • KING, LLP**

By: */s/ Jack E. Zuger*
    Jack E. Zuger (#06987)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101
Tel:  (651) 312-6500
jzuger@larsonking.com

***Counsel for Defendant AnYng Enterprise Co., Ltd.***