# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

ELIZABETH VANLISHOUT, individually
and as the Guardian of her son, ANDREW
ERICKSON-GONCZOL, an incapacitated
person,

        Plaintiffs,

vs.

WESTERN POWER SPORTS, LLC, AN
YNG ENTERPRISE CO., LTD., FLY
RACING CO., and ARROWHEAD
ENGINEERED PRODUCTS, INC.,

        Defendants.

Case No. 1-23-cv-00072-CRH

**STIPULATION**

### STIPULATION BETWEEN PLAINTIFFS ELIZABETH VANLISHOUT, INDIVIDUALLY AND AS THE GUARDIAN OF HER SON, ANDREW ERICKSON-GONCZOL, AN INCAPACITATED PERSON AND DEFENDANT ANYNG ENTERPRISE CO., LTD.

IT IS HEREBY STIPULATED, AGREED, AND UNDERSTOOD by Plaintiffs Elizabeth VanLishout individually and as the guardian of her son Andrew Erickson-Gonczol, an incapacitated person and Defendant AnYng Enterprise Co., Ltd. ("AnYng"), as follows:

1.    AnYng withdraws its pending Motion to Dismiss for lack of personal jurisdiction. *See* Doc. 51.

2.    Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), AnYng is dismissed without prejudice.

3.    If circumstances arise as noted below in Section 8 that cause the Plaintiffs to subsequently add AnYng as a party defendant, AnYng will not raise the statute of limitations as a defense.

1

4.      If any of the circumstances arise as noted below in Section 8 that cause the Plaintiffs to subsequently add AnYng as a party defendant, Plaintiffs shall do so within 21 days of the Court's ruling on any summary judgment motion(s). If Plaintiffs do not do so, then the dismissal without prejudice as to AnYng will automatically convert to a dismissal with prejudice. In the event that no party files a summary judgment motion by the court's scheduling order deadline and any of the circumstances arise as noted below in Section 8 that cause the Plaintiffs to add AnYng exist, Plaintiffs shall do so within 21 days after the court's scheduling order deadline for summary judgment expires. If Plaintiffs do not do so, then the dismissal without prejudice as to AnYng will automatically convert to a dismissal with prejudice.

5.      If AnYng is timely added as a party defendant as set out in this Stipulation, and if the Court exercises personal jurisdiction over AnYng, AnYng shall be entitled to conduct reasonable supplemental written and oral discovery, including but not limited to supplemental depositions of witnesses already deposed during the time AnYng was no longer a named party defendant.

6.      Should AnYng be added as a party defendant,  AnYng reserves the right to reassert its jurisdictional arguments and refile the pending motion to dismiss based upon lack of personal jurisdiction.  Nothing in this stipulation shall be deemed or construed in any manner as a waiver of any of the jurisdictional challenges available to AnYng.

7.      If necessary and without waiving any jurisdictional challenges, AnYng will agree to provide additional documentation and an additional corporate deposition regarding the following issues:

      a. Communications between AnYng and WPS regarding the choice of shell (*i.e.*, carbon fiber, glass fiber, ABS/Polycarbonate, and liner (single or dual density,

2

MIPS, Rheon impact energy material, etc.) material specifications for the helmet models AnYng has manufactured for WPS over the past 7 years, including but not limited to the Fly Racing Kinetic 120, Fly Racing Toxin Embargo with MIPS, GMAX and Highway 21;

b. Communications between AnYng and WPS regarding the possible use of Rheon in the manufacture and assembly of WPS helmets by AnYng before 2020;

c. Communications between AnYng and WPS regarding the possible use of a composite shell using carbon fiber, DuPont Kevlar and fiberglass;

d. Communications between AnYng and WPS regarding the possible use of technology with zones using impact liner construction that provides a progressive response to low-speed and high-speed impacts;

e. Communications between AnYng and WPS regarding expanded volume EPS in certain parts of the impact liner for added impact absorbing EPS, and more suspension between your head and the ground; and,

f. Communications between AnYng and WPS regarding the testing of helmets made for WPS to ECE 22.06 and/or any other test methodology to measure rotational accelerations. And, if any such testing to measure rotational accelerations, then it will produce the records and provide deposition testimony on this topic.

8. Circumstances that would warrant renaming AnYng as a party defendant are as follows:

a. If WPS proffers evidence that significantly contradicts the testimony of Darren Yang regarding responsibility for the selection of the shell and liner specifications.

b. If WPS obtains a ruling dismissing it from this case based upon the North Dakota "innocent seller statute." *See* N.D.C.C. chap. 28-01.3 *et seq.*

Dated: April 8, 2024

*Agreed to by:*

**Dickson Law Office**
By: */s/ Thomas A. Dickson*
Thomas A. Dickson #3800
P.O. Box 1896
Bismarck, ND 58502-1896
tdickson@dicksonlaw.com
(701) 222-4400

**ANAPOL WEISS**
By: */s/ Larry E. Coben*
Larry E. Coben (AZ# 015673, PA# 17523)
8700 E. Vista Bonita Dr., Ste. 268
Scottsdale, AZ 85255
locoben@anapolweiss.com
(480) 515-4745
*Attorneys for Plaintiff*

**LARSON KING, LLP**
By: */s/ Jack E. Zuger*
Jack E. Zuger, ND#06987
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
(651) 312-6500
jzuger@larsonking.com

**HALL PRANGLE & SCHOONVELD LLC**
By: */s/ Leo Michael Tarpey*
Leo Michael Tarpey
mtarpey@hpslaw.com
Matthew Kaminski
mkaminski@hpslaw.com
James Kearney
jkearney@hpslaw.com
200 S. Wacker Drive
Suite 3300
Chicago, IL 60661
(312) 345-9600
*Attorneys for Defendant AnYng Enterprise Co., Ltd.*

4