## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Elizabeth VanLishout, individually and as the Guardian of her son, Andrew Erickson-Gonczol, an incapacitated person,<br><br>   Plaintiff,<br><br>v.<br><br>Western Power Sports, LLC, et al.,<br><br>   Defendants. | **ORDER**<br><br><br><br><br>Case No.: 1:23-cv-072 |

On November 24, 2025, the undersigned issued an order scheduling a settlement conference in the above-captioned action on December 19, 2025, at 10:00 AM CDT. (Doc. No. 118). The order provided in part the following:

> The conference shall be attended, in-person or virtually, by all parties, together with trial counsel (if they are represented) for each party. At least one person for each party shall appear in person to facilitate the virtual appearance by others. Requests for relief from this requirement must be made in advance.
> An insured party need not attend unless the settlement decision will be made in part by the insured. When the settlement decision will be made in whole or in part by an insurer, the insurer shall attend. The persons attending shall be vested with the necessary settlement authority. Any relief from these requirements must be obtained in advance. Failure to attend the conference as provided may result in an award of costs, fees, and/or other sanctions.

(Id.)

On December 10, 2025, the undersigned convened a status conference to address Plaintiff's concerns regarding the virtual as opposed to in-person appearance at the settlement conference by Mary Sebera, an adjuster for Defendant's insurer. Following the status conference on December 10, 2025, the undersigned issued an order requiring Ms. Sebera to appear in person for the settlement conference on December 19, 2025. The order further provided that "[i]n the event Defendant and

1

Ms. Sebera cannot accommodate her personal appearance on December 19th, the parties shall determine a reasonably close alternative date and time for the settlement conference and shall inform the court of the proposed alternative by December 12, 2025." (Id.).

On December 12, 2025, Defendant advised the court that Ms. Sebera was unable to personally appear at the settlement conference on December 19, 2025.  Consequently, at Defendant's suggestion, the court held another status conference with the parties by telephone on December 15, 2025. Through no fault of counsel, Defendant was unable explain why Ms. Sebera is unable to  to appear in person or provide alternatives dates on which Ms. Sebera can appear in person.

At the close of the conference, the undersigned informed counsel that remote appearances were no longer an option and all parties together with counsel for each party will be required to appear in person at the settlement conference. Counsel subsequently informed the court that a representative of Defendant can personally appear on December 29, 2025.

Accordingly, based upon the discussion with the counsel during the December 15, 2025, status conference and the information subsequently provided by counsel, the undersigned shall reschedule the settlement conference for December 29, 2025, at 9:00 AM in Bismarck courtroom 2. The settlement conference shall attended in-person by all parties together with trial counsel for each party. The undersigned shall also require Ms. Sebera to attend the settlement conference in person. Failure to attend the settlement conference as provided may result in an award of costs, fees, and/or other sanctions.

**IT IS SO ORDERED.**

Dated this 15th day of December, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United State District Court
