IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Elizabeth Vanlishout, individually and as the Guardian of her son, Andrew Erickson-Gonczol, an incapacitated person, | ) ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Western Power Sports, LLC, | ) ) | Case No. 1:23-cv-072 |
| Defendants. | ) | |

On February 2, 2026, at 9:00 AM the undersigned convened a show cause hearing to address whether Defendant, Defendant's insurer, and/or Mary Sebera, an adjuster employed by Defendant's insurer, should be sanctioned or otherwise held in contempt for failing to comply with the Court's orders requiring Ms. Sebera to personally appear and participate in a settlement conference on December 29, 2026. For the reasons that follow, the court shall sanction Defendant's insurer.

**I.    BACKGROUND**

Ms. Sebera, without advance notice or explanation to either the court or defense counsel, failed to appear in person for the settlement conference as scheduled on December 29, 2025. On January 7, 2026, the undersigned issued the order scheduling a show cause hearing for February 2, 2026. On January 29, 2026, Defendant filed a response to the undersigned's order. It asserted, inter alia, that it should neither be sanctioned nor held in contempt as it had informed Ms. Sebera of the undersigned's orders regarding settlement conference attendance and that the settlement conference was attended in-person by its counsel and representative and telephonically by its chief financial officer.

On September 30, 2026, Defendant's insurer, Lexington Insurance Company ("Lexington"), filed the declaration of Ms. Sebera. (Doc. Nos. 200 and 200-1). In her declaration, Ms. Sebara attested, inter alia, that she had family commitments that prevented her from attending the settlement conference in person, she "did not provide detailed personal explanations for [her] unavailability for in-person attendance in December," and "believed [her] inability to travel was somehow justified by private family circumstances and that [her] continued availability for virtual participation adequately conveyed [her] intent to comply with the Court's settlement requirements."

On February 2, 2026, the court convened the show cause hearing. In attendance were: Plaintiff and Plaintiff's counsel; Defendant's representative, chief financial officer, and counsel; and Ms. Sebera and counsel for Ms. Sebera and Lexington. Ms. Sebera reiterated and elaborated on the statements contained in her declaration.

## II. APPLICABLE LAW

The Court can direct the parties to participate in a settlement conferences with the magistrate judge. See e.g, Fed. R. Civ. P. 16(c)(2)(I); Civ. L.R. 72.1(B)(2). The Court, and by extension the magistrate judge, may impose sanctions for failure to comply with a settlement conference order under Rule 16 of the Federal Rules of Civil Procedure. See Lockhart v. Patel, 115 F.R.D. 44, 46 ("The authority of a federal court to order attendance of attorneys, parties and insurers at settlement conferences and to impose sanctions for disregard of the court's orders is so well established as to be beyond doubt."); cf. Universal Cooperatives, Inc. v. Tribal Co-op. Mktg. Dev. Fed'n of India, Ltd., 45 F.3d 1194, 1196 (8th Cir. 1995) ("[T]he authority of a magistrate [judge] to require that duly empowered corporate officers attend a settlement conference is well settled."). Specifically, Rule 16 authorizes the imposition of sanctions "if a party or its attorney ... fails to appear at a ... pretrial

conference." See Fed. R. Civ. P. 16(f)(1)(B). Rule 16 also authorizes sanctions "if a party or its attorney ... fails to obey a ... pretrial order." Id. R. 16(f)(1)(C). The Court also possesses inherent power to sanction misconduct and abuse of judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991); Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001). "While sanctions imposed pursuant to [a] court's inherent authority generally require a finding of bad faith, sanctions imposed pursuant to Federal Rule of Civil Procedure 16 do not have a similar requirement." Corps. for Character v. Fed. Trade Comm'n, No. 2:11-CV-00419

### III.   DISCUSSION

The court appreciates the information provided by Ms. Sebera regarding her family's circumstances and is sympathetic. Had the undersigned been aware of her circumstances, it could have made accommodations for her or even perhaps continued the settlement conference to a more convenient date or time. Neither the undersigned nor defense counsel were made aware of her circumstances.

The undersigned was operating under an order from the presiding judge, directing the parties to participate in a settlement conference or private mediation by the end of December 2026. The presiding judge's directive allowed for some flexibility. Again, the undersigned would have made every effort to accommodate Ms. Sebera had her family circumstances been known. However, the undersigned and counsel were left in the dark and it appeared that valid court orders were being ignored.

Individuals should not ignore court orders with which they disagree or otherwise take issue. Rather, if they disagree with court orders, individuals should comply while pursuing legal remedies. Available legal recourse includes requesting a modification due to changed circumstances or filing

an appeal. By outward appearances Ms. Sebera ignored the undersigned's and presiding judge's orders. Plaintiff and Plaintiff's counsel spent time and money to travel to Bismarck to participate in the settlement conference.   Consequently, the undersigned is inclined to impose sanctions on Lexington proportionate to attorney's fees, costs, and expenses incurred by Plaintiff in connection with the settlement conference.

IV.   **CONCLUSION**

Plaintiff shall have until have until February 9, 2026, to submit a statement of costs and fees associated with that settlement conference. Lexington shall have until February 13, 2026, to file a response.   The court will thereafter review the parties submissions and enter an appropriate award of sanctions consistent with Fed. R. Civ. P. 16.

**IT IS SO ORDERED.**

Dated this 4th day of February, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court